United States District Court
Southern District of Texas

**ENTERED**

June 22, 2018

David J. Bradley, Clerk

| | | |
|---|---|---|
| Josephine Paita, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| *versus* | § | Civil Action H-18-1300 |
| | § | |
| JPMorgan Chase Bank, N.A., *et al.*, | § | |
| | § | |
| Defendants. | § | |

## Opinion on the Complaint

In early 2003, Argent Mortgage Company, LLC, lent Josephine G. Paita $153,000 to buy a house. It secured the loan with a deed of trust and vendor's liens. The note and liens are now held by Specialized Loan Servicing, LLC. It has been unpaid for about fifteen months and has again posted the lien for foreclosure in June.

Without mentioning it to her creditor, J. Paita and her husband, Angel L. Paita, deeded the property to Heights Property Management, LLC, in late December of 2017. Heights had a lawyer of its own, Charles A. Brown, file for a temporary restraining order to stop the January foreclosure – in the Paitas' names. They claim that they knew nothing about the case.

That case was removed when the defendants were finally served. Besides Servicing, they named JPMorgan Chase Bank, N.A., Servicing's assignor. Despite the lawyer's not having appeared on the pleadings and his pretend clients no longer having title to the land – none of which was disclosed to the court – temporary restraint was granted. The petition essentially seeks a declaration that the Paitas own the property clear of all apparent impediments.

After an acrimonious hearing of about an hour and one half, Josephine Paita and Angel Paita have disclaimed any interest in the petition and application for a temporary restraining order against JPMorgan Chase Bank, N.A., nor Specialized Loan Servicing, LLC, to prevent the foreclosure of their house. After having said that, she continued to argue about things from her husband's infidelity to a title company's refusal to insure her title when she tried to sell it again this spring.

Even assuming that the Paitas continued with this suit, their original petition is a wholly deficient jumble of downloaded parts of other bad pleadings with no facts mentioned, except in the abstract, it says they got no notices of default or acceleration. At the hearing, they did not say anything was missing, and the friend who was helping them had no knowledge of anything about the history of this loan. After all, the fake lawyer who got the restraining order had neither of the plaintiffs as a client, and his boss knew nothing except that it had been posted and they had delivered him a deed. Of course, he knew that he had not paid the Paitas the promised price. The Paitas have no injury, except what they did with Heights, for which even they say Service had nothing to do with the deed to Heights. They are simply being asked to meet their written responsibilities under a set of documents from 2013.

Servicing has counter-claimed against the Paitas for foreclosure. They appeared. Because the deed to Heights is fourteen years after Servicing's liens, it is junior to all of Servicing's liens and has no effect on them. Its validity between the Paitas and Heights is not part of this case.

Specialized Loan will proceed on its counterclaim.

Signed on June 21, 2018, at Houston, Texas.

Lynn N. Hughes
United States District Judge